UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DURRELL DRUMMOND,
    Plaintiff,

vs.                                                           11-1168

ILLINOIS DEPARTMENT OF CORRECTIONS, et. al.,
    Defendants.

## MERIT REVIEW ORDER

    This cause is before the court for merit review of the Plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against three Defendants: the Illinois Department of Corrections, Pontiac Correctional Center Warden Guy Pierce and Mail Room Supervisor Marge Hagg. The Plaintiff says on July 12, 2010, he received a piece of legal mail that had clearly been opened. The Plaintiff says he filed a grievance and received a response which stated: "[d]ue to the capacity of mail entering the mail room, accidents happen and the mail room admits opening the legal mail." (Comp, p. 2). These is the only incident alleged in the Plaintiff's complaint. The Plaintiff says the Defendants have violated his First, Sixth and Fourteenth Amendment rights.

    The Plaintiff has failed to articulated a Sixth or Fourteenth Amendment violation. Prisoners do have a First Amendment right to send and receive mail, but it is well established that prison officials may inspect that mail for contraband. *Wolff v McDonnell,* 418 U.S. 539, 575-77 (1974) However, the Plaintiff is correct that legal mail is afforded greater protection because of the potential for interfering with a prisoner's access to the courts, and thus prison officials risk violating an inmate's constitutional rights if they open, without him being present, an incoming letter "that is marked with an attorney's name and a warning that the letter is legal mail." *Kaufman v. McCaughtry,* 419 F.3d 678, 685-86 (7th Cir. 2005). Nonetheless, "a single isolated incident of interference with legal mail, while wrong, does not amount to a constitutional violation." *Pettiford v. Himelick*, 2007 WL 1100791 at 2 (N.D. Ind., April 12, 2007); s*ee also Bruscino v. Carlson,* 654 F.Supp. 609, 618 (S.D. Ill. 1987)("isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference"); *see also Kincaid v Vail*, 969 F.2d 594, 602 (7th Cir. 1992); *Davis v . Goord,* 320 F.3d 346, 351 (2nd Cir. 2003); *Gardner v Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Smith v Maschner*, 899F.2d 940, 944 (10th Cir. 1990). The court also notes that the Plaintiff "does not allege any detriment to any legal claim" based on opening his legal mail. *Harrison v County of Cook, Ill.,* 2010 WL 457196 at 2 (7th Cir. Jan. 29, 2010)(opening legal outside Plaintiff's presence was not a violation because no detriment to a legal claim and no showing of continued practice of opening privileged mail.) Therefore, even if the Defendants opened the Plaintiff's legal mail, this single incident does not rise

to the level of a constitutional violation.

**IT IS THEREFORE ORDERED that:**

1) **The merit review hearing scheduled for June 2, 2011 is canceled as unnecessary. The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot. (d/e 2, mot. counsel)**

2) **The dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk is directed to record the strike against the Plaintiff.**

3) **The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

3) **The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

4) **The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

5) **If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 25th day of May, 2011.

                                      s/Joe Billy McDade
                          _____
                                    JOE BILLY MCDADE
                              UNITED STATES DISTRICT JUDGE